**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2885-15T1

SHIRLEY BUEHLER,

      Plaintiff-Appellant,

   v.

TOWNSHIP OF MONTCLAIR,

      Defendant-Respondent,

   and

LAURA B. LEVINE, a/k/a LAURA
BAER and MICHAEL LEVINE,

      Defendants.

_____

      Argued May 16, 2017 — Decided June 7, 2017

      Before Judges Fisher and Moynihan.

      On appeal from the Superior Court of New
      Jersey, Law Division, Essex County, Docket No.
      L-231-14.

      Robert A. Smith argued the cause for appellant
      (Smith & Doran, P.C., attorneys; Mr. Smith,
      on the brief).

      Alan J. Baratz argued the cause for respondent
      (The Weiner Law Group LLP, attorneys; Mr.
      Baratz, of counsel; Mr. Baratz and Andrew J.
      Kyreakakis, on the brief).

PER CURIAM

Plaintiff commenced this action for damages resulting from her fall, on April 24, 2013, while "power walking" on a sidewalk in front a residence located on Mendl Terrace in the Township of Montclair. Plaintiff claimed she tripped on a concrete sidewalk slab raised approximately two to two-and-one-half inches higher than an adjoining slab. The action sought relief against both the owners of the residence adjacent to the sidewalk in question and against Montclair. Defendant-residents obtained summary judgment, as did Montclair.

It is only the disposition of the action against Montclair that is the subject of this appeal. In that regard, plaintiff argues:

> I. THERE EXISTS A GENUINE ISSUE OF MATERIAL FACT AS TO WHETHER OR NOT DEFENDANT HAD NOTICE OF THE DANGEROUS CONDITION OF THE SIDEWALK WHERE PLAINTIFF SUFFERED HER ACCIDENT AND DEFENDANT IS JUDICIALLY ESTOPPED FROM DENYING IT.
>
> II. THERE EXISTS A GENUINE ISSUE OF FACT AS TO WHETHER DEFENDANT TOWNSHIP OF MONTCLAIR WAS PALPABLY UNREASONABLE IN FAILING TO REMEDIATE THE DANAGEROUS CONDITION FOR A SEVEN-MONTH PERIOD.

Because we agree with plaintiff's contention that the judge's disposition of the motion was based on a ground not raised by

Montclair in its summary judgment motion, we vacate the order under review and remand for further proceedings.

The viability of the action against Montclair is governed by the Tort Claims Act, N.J.S.A. 59:1-1 to 12-3, which obligates a claimant to establish property was in a dangerous condition that proximately caused a reasonably foreseeable risk of injury, that the public entity had actual or constructive knowledge of the dangerous condition and sufficient time to take protective measures, and the public entity's inaction was palpably unreasonable. See, e.g., Garrison v. Twp. of Middletown, 154 N.J. 282, 286-87 (1998); Carroll v. N.J. Transit, 366 N.J. Super. 380, 386-87 (App. Div. 2004).

What makes this case different from most sidewalk cases are the facts that not only did plaintiff reside on the same street — as plaintiff said at her deposition, she lived "two houses down"[1] — but also that she had, approximately seven months earlier, obtained a permit from Montclair, whose representatives visited the site for that purpose, to repair the sidewalk in front of her own home. Montclair did not move for summary judgment by claiming it lacked notice of the condition; instead, Montclair limited its

---

[1] The record does not disclose the actual distance between plaintiff's residence and the location of the fall.

contentions to whether the sidewalk constituted a dangerous condition and whether its inaction was palpably unreasonable.

In its brief in support of the summary judgment motion, Montclair asserted that although it "maintains that it did not have actual or constructive knowledge," the "application seeking summary judgment . . . does not address issues of notice." Montclair only sought summary judgment, in the words contained in its brief, solely "on issues of 'dangerous condition' and 'palpably unreasonable.'" Montclair's approach did not change. At oral argument in the trial court, defense counsel asserted that Montclair's motion "is only related to the two elements," "dangerous condition and palpably unreasonable." To be sure, the motion judge posed to plaintiff's counsel about whether Montclair had actual or constructive notice, to which plaintiff's counsel responded that Montclair had not raised that question, perhaps because of evidence that Montclair representatives had inspected the sidewalk in front of plaintiff's home months earlier. On the return date, the trial judge acted consistently with the way the motion was framed by Montclair; she rendered an oral decision that recognized Montclair "did not raise the notice issue," that assumed the alleged sidewalk defect "could be accepted by a jury as creating substantial risk of injury and hence a dangerous condition," and that "focus[ed] . . . on whether defendant acted

in a palpably unreasonable manner." Following a thorough discussion of the case law, the judge concluded in her oral decision on February 19, 2016, that:

> Even when the facts are viewed most favorably to the plaintiff that the sidewalk was a dangerous condition and [upon] assum[ing] that defendant [had] actual knowledge or [was on] constructive notice of the dangerous condition of the sidewalk, which [it] does only for purposes of this motion, I find that a rational fact finder could not resolve the question of palpable unreasonableness in favor of the plaintiff . . . on this record.

That same day, the judge entered an order granting Montclair summary judgment and dismissing the complaint with prejudice.

Plaintiff filed a notice of appeal on March 16, 2016. The day after the appeal was filed, the motion judge issued a supplemental opinion, presumably pursuant to Rule 2:5-1(b), which allows a trial judge to amplify an earlier decision after the filing of an appeal.[2] In this supplemental opinion, the judge repeated her earlier observations about the dangerousness of the alleged condition, but added a determination that there was insufficient evidence to suggest Montclair had actual or constructive knowledge of that condition. The judge then, in light of her observations about notice, concluded that there was insufficient evidence from

---

[2] Eleven days later, the judge revised that supplemental opinion but only because extraneous pages had been attached to what was previously sent to the parties.

which a trier of fact could find Montclair acted in a palpably unreasonable way in failing to address the alleged dangerous condition.

We agree that the manner in which these issues were decided deprived plaintiff of a full and fair opportunity to address the actual or constructive knowledge issue in responding to the summary judgment motion. Consequently, the February 19, 2016 order will be vacated and the matter remanded. In such a situation, a judge — whose vision of a case may differ from counsel's — should ensure that in reaching an unraised issue, all parties are given a fair opportunity to respond. The particular manner in which the notice issue was reached and resolved here deprived plaintiff of that opportunity.

To be sure, the judge's written opinion makes clear that summary judgment was granted not only on notice grounds but also on palpably-unreasonable grounds. This might suggest we could decide the appeal by addressing only the latter. The overall tenor of the judge's written opinion, however, strongly suggests that the reasonableness of Montclair's failure to address the alleged dangerous condition was impacted, at least in part, or informed by the judge's belief that Montclair had neither actual nor constructive knowledge.

6

The order under review is vacated and the matter remanded for further proceedings in conformity with this opinion.[3] We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[3] In other words, we do not foreclose the judge's further consideration of Montclair's application for summary judgment. We simply conclude that, before considering whether Montclair had actual or constructive notice, the judge first provide the parties with the opportunity to factually and legally address that question.

A-2885-15T1